**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- X

NOVARTIS PHARMACEUTICALS
CORPORATION, NOVARTIS AG,
NOVARTIS PHARMA AG, NOVARTIS
INTERNATIONAL PHARMACEUTICAL
LTD. and LTS LOHMANN THERAPIE-
SYSTEME AG

              Plaintiffs,

v.

NOVEN PHARMACEUTICALS, INC.,
NOVEN THERAPEUTICS, LLC and
HISAMITSU PHARMACEUTICAL CO.,
INC.

              Defendants.

---------------------------------------------------------- X

C.A. No. _____

## COMPLAINT FOR PATENT INFRINGEMENT

      Plaintiffs Novartis Pharmaceuticals Corporation, Novartis AG, Novartis Pharma

AG, Novartis International Pharmaceutical Ltd. and LTS Lohmann Therapie-Systeme AG

(hereinafter "Plaintiffs"), for their Complaint against defendants Noven Pharmaceuticals, Inc.,

Noven Therapeutics, LLC and Hisamitsu Pharmaceutical Co., Inc. allege as follows:

## NATURE OF ACTION

      1.      This is an action for patent infringement.

## PARTIES

      2.      Plaintiff Novartis Pharmaceuticals Corporation ("NPC") is a corporation

organized and existing under the laws of the State of Delaware, having a principal place of

business at 59 Route 10, East Hanover, New Jersey 07936.

3.      Plaintiff Novartis AG ("Novartis AG") is a corporation organized and existing under the laws of Switzerland, having an office and place of business at Lichtstrasse 35, CH-4056 Basel, Switzerland.

4.      Plaintiff Novartis Pharma AG ("Pharma AG") is a corporation organized and existing under the laws of Switzerland, having an office and place of business at Lichtstrasse 35, CH-4056 Basel, Switzerland.

5.      Plaintiff Novartis International Pharmaceuticals Ltd. ("NIP") is a corporation organized and existing under the laws of Bermuda, having an office and place of business at 131 Front Street, Hamilton HM12, Bermuda.

6.      Plaintiff LTS Lohmann Therapie-Systeme AG ("LTS") is a corporation organized and existing under the laws of Germany, having an office and place of business at Lohmannstraße 2, D-56626 Andernach, Germany.

7.      On information and belief, defendant Noven Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 11960 SW 144th Street, Miami, Florida 33186.

8.      On information and belief, defendant Noven Therapeutics, LLC is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 11960 SW 144th Street, Miami, Florida 33186.

9.      On information and belief, Hisamitsu Pharmaceutical Co., Inc. is a corporation organized and existing under the laws of Japan, having a place of business at 408 Tashiro Daikan-machi, Saga, Tosu, Japan 841-0017.

10. On information and belief, Noven Therapeutics, LLC is a wholly owned subsidiary of Noven Pharmaceuticals, Inc. and Noven Pharmaceuticals, Inc. is a wholly owned subsidiary of Hisamitsu Pharmaceutical Co., Inc.

11. On information and belief, the acts of Noven Pharmaceuticals, Inc. and Noven Therapeutics, LLC complained of herein were done at the direction of, with the authorization of, and with the cooperation, participation, and assistance of Hisamitsu Pharmaceutical Co., Inc.

12. Defendants Noven Pharmaceuticals, Inc., Noven Therapeutics, LLC and Hisamitsu Pharmaceutical Co., Inc. are referred to collectively as "Noven."

## JURISDICTION AND VENUE

13. This action arises under the patent laws of the United States of America. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

14. On information and belief, Noven Pharmaceuticals, Inc. and Noven Therapeutics, LLC are incorporated in Delaware and have purposely availed themselves of the rights and benefits of Delaware law and this Court.

15. On information and belief, Hisamitsu Pharmaceutical Co., Inc. and Noven Pharmaceuticals, Inc. are in the business of manufacturing, marketing, importing into the United States and selling pharmaceutical drug products, including generic drug products. On information and belief, Hisamitsu Pharmaceutical Co., Inc. and Noven Pharmaceuticals, Inc. directly or through their affiliates and agents, including Noven Therapeutics, LLC, market and sell drug products throughout the United States and in this judicial district, and have purposely availed themselves of the rights and benefits of Delaware law and this Court.

ME1 15298947v.1

16. This Court has personal jurisdiction over Noven by virtue of, *inter alia*, the above-mentioned facts.

17. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## CLAIM FOR RELIEF – PATENT INFRINGEMENT

18. Plaintiff NPC holds an approved new drug application ("NDA") No. 22-083 for Exelon® Patch (rivastigmine transdermal system or extended release film) (4.6 mg/24 hr, 9.5 mg/24 hr and 13.3 mg/24 hr dosage strengths), which patch contains the active ingredient rivastigmine. Exelon® Patch (4.6 mg/24 hr and 9.5 mg/24 hr dosage strengths) was approved by the United States Food and Drug Administration ("FDA") on July 6, 2007, and Exelon® Patch (13.3 mg/24 hr dosage strength) was approved by the FDA on August 31, 2012. Exelon® Patch is indicated for the treatment of mild to moderate dementia of the Alzheimer's type and mild to moderate dementia associated with Parkinson's disease. Exelon® Patch (4.6 mg/24 hr, 9.5 mg/24 hr and 13.3 mg/24 hr dosage strengths) is sold in the United States by Plaintiff NPC.

19. Rivastigmine is known chemically as (S)-N-ethyl-3-[(1-dimethylamino)ethyl]-N-methylphenyl-carbamate.

20. Plaintiffs Novartis AG and LTS are the owners of United States Letters Patent No. 6,316,023 ("the '023 patent"). The '023 patent was duly and legally issued on November 13, 2001.

21. The '023 patent claims pharmaceutical compositions, *inter alia*, comprising 1 to 40 weight percent of (S)-N-ethyl-3-[(1-dimethylamino)ethyl]-N-methylphenyl-carbamate in the form of a free base or acid addition salt, 0.01 to 0.5 weight percent of an antioxidant, and a diluent or carrier, wherein the weight percents are based on the total weight of

4

the pharmaceutical composition, as well as transdermal devices.  A true copy of the '023 patent is attached hereto as Exhibit A.

22.     Plaintiffs Novartis AG and LTS are the owners of United States Letters Patent No. 6,335,031 ("the '031 patent").  The '031 patent was duly and legally issued on January 1, 2002.

23.     The '031 patent claims pharmaceutical compositions, *inter alia*, comprising: (a) a therapeutically effective amount of (S)-N-ethyl-3-[(1-dimethylamino)ethyl]-N-methylphenyl-carbamate in free base or acid addition salt form; (b) about 0.01 to about 0.5 percent by weight of an antioxidant, based on the weight of the composition, and (c) a diluent or carrier, as well as transdermal devices and methods of stabilizing (S)-N-ethyl-3-[(1-dimethylamino)ethyl]-N-methylphenyl-carbamate in free base or acid addition salt form.  A true copy of the '031 patent is attached hereto as Exhibit B.

24.     The '023 and '031 patents were initially assigned to Novartis AG and LTS Lohmann Therapie-Systeme GmbH & Co. KG, which subsequently changed its legal form to become Plaintiff LTS.

25.     On information and belief, Noven submitted to the FDA an abbreviated new drug application ("ANDA") under the provisions of 21 U.S.C. § 355(j) seeking approval to engage in the commercial manufacture, use, and sale of a rivastigmine transdermal system, 4.6 mg/24 hr and 9.5 mg/24 hr dosage strengths ("Noven's ANDA Products") before the expiration of the '023 and '031 patents.

26.     On information and belief, Noven made and included in its ANDA a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that, in its opinion and to the best of its knowledge, the '023 and '031 patents are invalid and/or will not be infringed.

5

27.     By filing its ANDA under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Noven's ANDA Products before the expiration of the '023 and '031 patents, Noven has committed an act of infringement under 35 U.S.C. § 271(e)(2).

28.     On information and belief, when Noven filed its ANDA, it was aware of the '023 and '031 patents and that the filing of its ANDA with the request for its approval prior to the expiration of the '023 and '031 patents was an act of infringement of those patents.

29.     On information and belief, the commercial manufacture, use, offer for sale, sale and/or importation of Noven's ANDA Products will infringe one or more claims of the '023 and '031 patents.

30.     On information and belief, the commercial manufacture of Noven's ANDA Products will involve direct infringement of the '023 patent.  On information and belief, this will occur at Noven's active behest, and with Noven's intent, knowledge and encouragement.  On information and belief, Noven will actively induce, encourage and abet this infringement with knowledge that it is in contravention of the rights under the '023 patent.

31.     On information and belief, the commercial manufacture of Noven's ANDA Products will involve direct infringement of the '031 patent.  On information and belief, this will occur at Noven's active behest, and with Noven's intent, knowledge and encouragement.  On information and belief, Noven will actively induce, encourage and abet this infringement with knowledge that it is in contravention of the rights under the '031 patent.

32.     Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any approval of the aforementioned ANDA relating to Noven's ANDA Products be a date that is not earlier than January 8, 2019, the

6

expiration date of the '023 and '031 patents, and an award of damages for any commercial sale or use of Noven's ANDA Products and any act committed by Noven with respect to the subject matter claimed in the '023 and '031 patents, which act is not within the limited exclusions of 35 U.S.C. § 271(e)(1).

33.     On information and belief, Noven has taken and continues to take active steps towards the commercial manufacture, use, offer for sale, sale and/or importation of Noven's ANDA Products, including seeking approval of those products under Noven's ANDA.

34.     There is a substantial and immediate controversy between Plaintiffs and Noven concerning the '023 and '031 patents.  Plaintiffs are entitled to declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Noven will infringe and/or induce infringement of one or more claims of the '023 and '031 patents.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A.     Judgment that Noven has infringed and induced infringement of one or more claims of the '023 and '031 patents by filing the aforesaid ANDA relating to Noven's rivastigmine transdermal system, 4.6 mg/24 hr and 9.5 mg/24 hr dosage strengths;

B.     A permanent injunction restraining and enjoining Noven and its officers, agents, attorneys and employees, and those acting in privity or concert with it, from engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of a rivastigmine transdermal system, 4.6 mg/24 hr and 9.5 mg/24 hr dosage strengths, as claimed in the '023 and '031 patents;

C.     An order that the effective date of any approval of the aforementioned ANDA relating to Noven's rivastigmine transdermal system, 4.6 mg/24 hr and 9.5 mg/24 hr

ME1 15298947v.1

dosage strengths, be a date that is not earlier than the expiration of the right of exclusivity under the '023 and '031 patents;

        D.      Declaratory judgment that the commercial manufacture, use, offer for sale, sale and/or importation of Noven's rivastigmine transdermal system, 4.6 mg/24 hr and 9.5 mg/24 hr dosage strengths, will infringe one or more claims of the '023 and '031 patents and that Noven will induce infringement of one or more claims of the '023 and '031 patents;

        E.      Damages from Noven for the infringement and inducement of infringement of the '023 and '031 patents;

        F.      The costs and reasonable attorney fees of Plaintiffs in this action; and

        G.      Such other and further relief as the Court may deem just and proper.

Dated:  April 3, 2013                    McCARTER & ENGLISH, LLP

                                 /s/ Daniel M. Silver
                                 Michael P. Kelly (#2295)
                                 Daniel M. Silver (#4758)
                                 Renaissance Centre
                                 405 N. King Street, 8th Floor
                                 Wilmington, Delaware 19801
                                 (302) 984-6300
                                 *mkelly@mccarter.com*
                                 *dsilver@mccarter.com*

                                 *Attorneys for Plaintiffs*

ME1 15298947v.1

Of Counsel:

Nicholas N. Kallas
Filko Prugo
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
(212) 218-2100
*nkallas@fchs.com*
*fprugo@fchs.com*