

March 28, 2014

**VIA CM/ECF & HAND DELIVERY**

The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
844 North King Street, Room 6325, Unit 9
Wilmington, DE 19801-3555

Re:  Novartis Pharms. Corp. v. Alvogen Pine Brook, Inc., C.A. No. 13-52-RGA;
     Novartis Pharms. Corp. v. Noven Pharms., Inc., C.A. No. 13-527-RGA

Daniel M. Silver

Associate
T. 302-984-6331
F. 302-691-1260
dsilver@mccarter.com


McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE  19801-3717
T. 302.984.6300
F. 302.984.6399
www.mccarter.com

Dear Judge Andrews,

We write on behalf of Plaintiffs to respectfully request a short extension of expert discovery in the above-referenced Hatch-Waxman suits, both of which are subject to the same expert discovery schedule.  (C.A. No. 13-527 D.I. 26, ¶ 10.a.).  All parties recognize the need for an extension, which will not affect the currently scheduled October 14, 2014 trial date.  In the table below, we set forth Plaintiffs' proposed extended expert discovery schedule, Defendants' proposed schedule, and the current schedule:

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WASHINGTON, DC

WILMINGTON

| Event | Plaintiffs' Proposal | Defendants' Proposal | Current Schedule (13-cv-527 D.I. 26, ¶ 10.a.) |
|---|---|---|---|
| Opening expert reports for issues on which a party bears the initial burden of proof | May 2, 2014 | April 25, 2014 | April 18, 2014 |
| Rebuttal expert reports, including opinions asserting secondary considerations of nonobviousness, if any | June 6, 2014 (5 weeks later) | May 30, 2014 (5 weeks later) | May 16, 2014 (4 weeks later) |
| Reply expert reports for issues on which a party bears the initial burden of proof, including opinions rebutting secondary considerations of nonobviousness, if any | July 11, 2014 (5 weeks later) | June 27, 2014 (4 weeks later) | June 13, 2014 (4 weeks later) |
| Depositions of experts to be completed | August 15, 2014 (5 weeks later) | August 1, 2014 (5 weeks later) | August 1, 2014 (7 weeks later) |

Hon. Richard G. Andrews
March 28, 2014
Page 2

Since January 30, 2014, Plaintiffs have tried to propose and negotiate a mutually agreeable extension of the current expert discovery schedule with Alvogen and Noven, to no avail.  Despite Alvogen's and Noven's ongoing resistance to Plaintiffs' proposals, Plaintiffs continue believe that the above proposed extended expert discovery schedule will benefit the parties for at least the following reasons.

First, as the Court is aware, Plaintiffs' attorneys, McCarter & English, LLP and Fitzpatrick Cella, have a trial scheduled in a related Hatch-Waxman suit against Par Pharmaceutical, Inc. on May 1-2, 2014 in District of Delaware Civil Action No. 11-1077-RGA. Moreover, Noven's outside attorneys, Kenyon & Kenyon, have advised that they also have a trial scheduled in another matter during the week of April 28, 2014.  Extending the date for opening expert reports from April 18, 2014 to May 2, 2014 and the subsequent dates for rebuttal and reply expert report by a week will allow Plaintiffs' and Noven's attorneys to better accommodate their pre- and post-trial burdens.

Second, Noven has proposed to Plaintiffs that the case concerning Noven's 13.3 mg/24 hr dosage strength rivastigmine transdermal product, Delaware Civil Action No. 14-111-RGA, be consolidated with C.A. No. 13-527-RGA, the latter of which concerns Noven's lower dosage strength rivastigmine transdermal products. Consolidation will avoid the possibility of having to conduct a separate trial on Noven's 13.3 mg/24 hr product, and the above-proposed extended expert discovery schedule will ensure that both Plaintiffs' and Noven's experts have sufficient time to address the 13.3 mg/24 hr product in a consolidated proceeding.  Plaintiffs thus will not oppose consolidation if their proposed expert discovery schedule above is entered.

Third, the above-proposed extended schedule, like the current schedule, builds in ample buffer periods around the May 26, 2014 Memorial Day holiday and the July 4, 2014 holiday, during which the parties' experts are likely to be unavailable to work on rebuttal or reply expert reports.  By contrast, Alvogen's and Noven's current scheduling counterproposals, which place rebuttal expert reports on May 30, 2014 and reply expert reports on June 27, 2014, cut too close to the holiday periods.

Fourth, the extended schedule, which moves back the close of expert discovery from August 1, 2014 to August 15, 2014, still provides sufficient time for the parties to complete expert depositions while also preserving seven weeks thereafter for *Daubert* motions (if any), dispositive motions (if any), and pretrial order preparations in advance of the October 3, 2014 pretrial conference scheduled for the Alvogen and Noven suits.  (13-cv-52 D.I. 24, ¶ 13; 13-cv-527 D.I. 26, ¶ 13).

Last, to the extent that Alvogen and Noven may complain that postponement of rebuttal expert reports from May 16, 2014 to June 6, 2014 will impair the preparation of their expert(s)' replies to Plaintiffs' expert(s)' opinions on secondary considerations of nonobviousness, Plaintiffs have already produced to Alvogen and

Hon. Richard G. Andrews
March 28, 2014
Page 3

Noven interrogatory responses setting forth the particular secondary considerations on which Plaintiffs and their expert(s) intend to rely.[1]

In conclusion, Plaintiffs submit that there is good cause for extending the expert discovery schedule in the Alvogen and Noven suits in the manner that Plaintiffs propose, and that Alvogen and Noven have no reasonable basis for opposing such extension. Accordingly, Plaintiffs respectfully request that the Court enter an order incorporating Plaintiffs' proposed schedule set forth above.

Plaintiffs' counsel will be prepared to discuss this issue in further detail at the April 1, 2014 conference scheduled in the above-referenced matters.

Respectfully Submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc:    Counsel of record (via electronic mail)

---

[1] At a February 20, 2014 meet-and-confer on this dispute, Defendants indicated that they might agree to Plaintiffs' proposed schedule on the condition that Plaintiffs provide substantive interrogatory responses on secondary considerations. Defendants subsequently retreated from that position, apparently based on Kenyon & Kenyon's trial commitments during the week of April 28, 2014.

ME1 17511169v.1