IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS AG, NOVARTIS PHARMA AG, NOVARTIS INTERNATIONAL PHARMACEUTICAL LTD. and LTS LOHMANN THERAPIE-SYSTEMEAG, <br><br> Plaintiffs, <br><br> v. <br><br> NOVEN PHARMACEUTICALS, INC., <br><br> Defendant. | C.A. No. 13-00527 (RGA) <br> C.A. No. 14-cv-111 (RGA) <br> (Consolidated) |

[~~PROPOSED~~] ORDER

At Wilmington this 9th day of January, 2015, the Court having considered Plaintiffs' request (C.A. No. 13-cv-527-RGA, D.I. 158) to modify the protective order (C.A. No. 13-cv-527-RGA, D.I. 24) to permit Plaintiffs to use the expert reports of Dr. Agis Kydonieus from the above-captioned cases in *inter partes* review proceedings IPR2014-00549 and IPR2014-00550 currently pending before the Patent Trial and Appeal Board, and Defendant's response to that request;

For the reasons stated in the attached Memorandum, IT IS HEREBY ORDERED that Plaintiffs' request is DENIED.

Hon. Richard G. Andrews
United States District Court Judge

13-527

## MEMORANDUM

      I am denying the request to modify the protective order because I do not think good cause has been shown. I accept that demonstrating inconsistencies in a witness's opinions could constitute good cause. Plaintiff, however, had motivation to demonstrate inconsistencies in the opinions of Dr. Kydonieus in the trial held before me, and, based on the citations in Plaintiff's letter, did so, or, at least, tried to do so. I do not understand, given the representation that the trial transcript can be used in the IPR, and that Dr. Kydonieus will soon be deposed and can presumably be further questioned about whether anything he said at trial is inconsistent with his current invalidity analysis (which, I gather, has not changed), why his infringement report is necessary for justice to be had.

      I am also unconvinced that Noven's confidentiality concerns are not real. I am not satisfied that I understand IPR procedures sufficiently to be able to judge what additional risk to Noven I would be creating if I were to modify the protective order.

      Since I think Plaintiff's need is at best minimal, and since I think the risk to Noven of disclosure of its confidential information would increase, I do not think there is good cause to modify the protective order.