## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | X | |
| NOVARTIS PHARMACEUTICALS | : | |
| CORPORATION, NOVARTIS AG, | : | |
| NOVARTIS PHARMA AG, NOVARTIS | : | |
| INTERNATIONAL PHARMACEUTICAL | : | |
| LTD. and LTS LOHMANN THERAPIE- | : | |
| SYSTEME AG, | : | |
| | : | |
| Plaintiffs, | : | C.A. No. 13-cv-527-RGA |
| | : | C.A. No. 14-cv-111-RGA |
| v. | : | |
| | : | |
| NOVEN PHARMACEUTICALS, INC., | : | |
| | : | |
| Defendant. | : | |
| | X | |

### [PROPOSED] FINAL JUDGMENT

This matter having come before the Court for trial on the merits of all remaining issues in

the above-captioned cases, namely to resolve the question of whether claims 7 and 16 of U.S.

Patent No. 6,335,031 ("the '031 Patent") are invalid by reason of obviousness or obviousness-

type double patenting, and the Court having heard the testimony of the fact and expert witnesses

and having considered the documentary evidence and depositions submitted by the parties, and

the Court having reviewed the post-trial briefs of the parties, and the parties having previously

stipulated in advance of trial (13-cv-527-RGA, D.I. 148; 14-cv-111-RGA, D.I. 57) that the

rivastigmine transdermal products, 4.6 mg/24 hr, 9.5 mg/24 hr and 13.3 mg/24 hr dosage

strengths, that are the subject of Defendant Noven Pharmaceuticals, Inc.'s ("Noven's")

Abbreviated New Drug Application ("ANDA") No. 204596, and that are at issue in this action,

infringe claims 7 and 16 of the '031 Patent;

**IT IS ORDERED AND ADJUDGED**, for the reasons set forth in the Court's Trial Opinion dated August 31, 2015 (13-cv-527-RGA, D.I. 176; 14-cv-111-RGA, D.I. 75), that Final Judgment is hereby entered in District of Delaware Civil Actions Nos. 13-cv-527-RGA and 14-cv-111-RGA in favor of Plaintiffs Novartis Pharmaceuticals Corporation, Novartis AG, Novartis Pharma AG, Novartis International Pharmaceutical Ltd. and LTS Lohmann Therapie-Systeme AG (collectively, "Plaintiffs") and against Noven that claims 7 and 16 of the '031 Patent are not invalid by reason of obviousness or obviousness-type double patenting; and it is further

**ORDERED**, in view of the parties' aforementioned stipulation of infringement, that Final Judgment is hereby entered in District of Delaware Civil Actions Nos. 13-cv-527-RGA and 14-cv-111-RGA in favor of Plaintiffs and against Noven that the rivastigmine transdermal products, 4.6 mg/24 hr, 9.5 mg/24 hr and 13.3 mg/24 hr dosage strengths, that are the subject of Noven's ANDA No. 204596 infringe claims 7 and 16 of the '031 Patent; and it is further

**ORDERED**, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any final approval by the United States Food and Drug Administration of Noven's ANDA No. 204596 under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) for the drug products for which approval is sought therein shall be a date not earlier than the January 8, 2019 expiration date of the '031 Patent; and it is further

**ORDERED**, pursuant to 35 U.S.C. § 271(e)(4)(B), that Noven, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with any of them, are enjoined until the January 8, 2019 expiration date of the '031 Patent from engaging in the manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of any product covered by, or the manufacture or use of which is covered by, any claim of the '031 Patent; and it is further

**ORDERED** that the injunctive relief set forth in the two preceding paragraphs pursuant to 35 U.S.C. §§ 271(e)(4)(A) and 271(e)(4)(B) shall remain in full force and effect until the earliest of: (a) a further order of this Court modifying or vacating the injunctive relief; (b) a further order of the United States Court of Appeals for the Federal Circuit modifying, reversing or vacating the Court's judgment and/or injunctive relief to provide that claims 7 and 16 of the '031 Patent are invalid; (c) the January 8, 2019 expiration date of the '031 Patent; (d) the issuance of a certificate by the United States Patent and Trademark Office cancelling claims 7 and 16 of the '031 Patent; and it is further

**ORDERED**, in the event that Noven appeals this Final Judgment, that any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54(d) and/or Local Rules 54.1 and/or 54.3, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within thirty (30) days after final disposition of any such appeal; and it is further

**ORDERED**, in the event that Noven does not appeal this Final Judgment, that any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54(d) and/or Local Rules 54.1 and/or 54.3, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within thirty (30) days after the expiration of the time for filing a notice of appeal under Fed. R. App. P. 3 and 4.

Dated this _11_ day of September, 2015

Honorable Richard G. Andrews
United States District Court Judge